IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY PHILLIPS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 05-cv-3476 |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |
| | : | |
| Respondents. | : | |

**EXPLANATION AND ORDER**

Stanley Phillips ("Phillips") petitions this Court for a Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. I referred the petition to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation. Judge Sitarski recommends that I dismiss the petition with prejudice. On November 18, 2008, Phillips filed amended objections to the Report and Recommendation asserting that Judge Sitarski did not appropriately consider Phillips' claim that the jury should have been instructed on the element of "force" as a requirement for the offense of robbery of a motor vehicle. Phillips also objects to Judge Sitarski's analysis of Phillips' ineffective assistance of counsel claim relating to his counsel's failure to object to the jury instructions.

Assuming that failing to instruct the jury that force is an element of robbery of a motor vehicle was an error of federal constitutional law[1], a harmless error analysis is appropriate for

---

[1] If a state court's error in jury instructions deprives a defendant of due process in violation of the Fourteenth Amendment, this constitutional error can be addressed by a federal habeas court. Smith v. Horn, 120 F.3d 400, 414 (3rd Cir. 1997). "A jury instruction that omits . .

1

habeas review. Smith v. Horn, 120 F.3d 400, 416 (3rd Cir. 1997). The harmless error standard in a collateral proceeding is "whether the error had substantial and injurious effect or influence in determining the jury's verdict." Id. at 417. In Horn, the Third Circuit considered that omission of an element of an offense may be a structural error, which is *per se* prejudicial, despite holding that jury instructions that did not require the Commonwealth to prove specific intent in order to convict the defendant of first-degree murder were subject to a harmless error analysis. Three years after Horn, the Supreme Court held that harmless error analysis is appropriate for the omission of an element of a crime in a jury instruction on appellate review. Neder v. United States, 527 U.S. 1, 15 (1999). "[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." Id. at 17. Based on Horn and Neder, a harmless error analysis of the jury instructions is appropriate for collateral review in this case.

    Phillips was convicted of robbery of a motor vehicle under 18 Pa. Cons. Stat. Ann. § 3702. Phillips contends that after his conviction, but while his direct appeal was pending, Pennsylvania courts clarified the existing robbery statute and emphasized that force was an element of that statute. To prove commission of § 3702, the commonwealth must prove: "(1) the stealing, taking or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person. . .; and (3) the taking must be accomplished by the use of force,

---

. an element of an offense as defined by state law relieves the state of its obligation to prove facts constituting every element of the offense beyond a reasonable doubt, thereby violating the defendant's federal due process rights." Id. at 415. I decline to engage in a full analysis of whether force was an element of robbery of a motor vehicle under Pennsylvania state law at the time of Phillips' trial because I find that the omission, if in error, was harmless.

intimidation or the inducement of fear in the victim." Commonwealth v. George, 705 A.2d 916, 919 (Pa. Super. Ct. 1998). "Force is that of which the victim is aware and by reason of that force, is compelled to part with his property." Commonwealth v. Jones, 771 A.2d 796, 799 (Pa. Super. Ct. 2001). In Jones, the defendant drove away in the victim's truck with the victim in the bed of the truck. The Jones court determined that the facts in that case satisfied the element of force because the taking of the motor vehicle was "not by right or consent, not by stealth or trickery, [and] not by not by discovering an abandoned truck." Id. In Phillips' case, the trial judge did not instruct the jury on the required element of force, and Phillips' attorney did not object to this omission.

As Judge Sitarski points out, the facts in Phillips' case demonstrate that Phillips used more force in the taking of the motor vehicle than did the defendant in Jones. During Phillips' trial, the owner of the motor vehicle at issue testified that he "struggled" with Phillips to prevent him from taking the vehicle. Petitioner's Objections, Exhibit A, page 22. Furthermore, the owner testified that only by punching Phillips, slamming his head into the steering wheel, and punching him in the groin was the owner able to get Phillips to "stop fighting" and regain control of the vehicle. Id. at 23. As Judge Sitarski cited, the Superior Court determined on direct appeal that the evidence at trial established:

> [Petitioner] entered a parked limousine without permission and attempted to drive away with it. The driver of the limousine then re-entered the vehicle, at least partially, and struggled with [petitioner] for control of the limousine. [Petitioner] then states, "You going with me, [expletive]," and continued to attempt to drive away in the limousine, with the driver partially inside the vehicle.

Commonwealth v. Philip, 4173 Philadelphia 1997, p. 5-9 (9/16/99)(unpublished memorandum

opinion)(citing N.T. 9/17/97, at 20-22, 30-33).

Assuming that the trial court judge erred by not instructing the jury on the element of force, I find that this error was harmless. The error could not have substantially influenced the jury's verdict because there was overwhelming evidence for the jury to find that force was used to compel the owner to part with the motor vehicle. If the jury instruction was erroneous, the error is harmless because the verdict would have been the same if the omitted instruction was given. In light of the evidence presented at trial, it cannot be said that the state-court decision affirming Phillips' conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Assuming arguendo that Phillips' counsel's failure to object to the jury instruction fell below "an objective standard of reasonableness," the decision reached by the jury is not reasonably likely to have been different. Strickland v. Washington, 466 U.S. 668, 695 (1984). There was sufficient evidence for the jury to conclude that force was used in the commission of the taking of the motor vehicle, and therefore Phillips was not prejudiced by his counsel's performance.

# **ORDER**

**AND NOW**, this __23rd___ day of December, 2008, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of the United States Magistrate Judge Lynne A. Sitarski, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice;

2. A certificate of appealability should not issue because Petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the petition.

s/Anita B. Brody

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:     Copies **MAILED** on _____ to: